# In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS
No. 11-138V
Filed: December 9, 2016

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| DAVID JEWELL and WANDA JEWELL parents of L.J., deceased, | **UNPUBLISHED** |
| | Special Master Hamilton-Fieldman |
| Petitioners, | |
| v. | Attorneys' Fees and Costs; Reasonable Amount Requested. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioners.
Glenn A. MacLeod, United States Department of Justice, Washington, DC, for Respondent.

**DECISION**[1]

      On March 7, 2011, David Jewell and Wanda Jewell ("Petitioners") petitioned for compensation on behalf of their deceased child, L.J., under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioners alleged that the administration of hepatitis B ("hep B"), inactivated polio ("IPV"), diphtheria-tetanus-acellular-pertussis ("dtap"), *haemophilus influenza* type b ("HIB"), pneumococcal conjugate ("PCV"), and rotavirus vaccines on April 8, 2009 resulted in the death of L.J. on April 9, 2009. Am. Petition at Preamble, filed Apr. 3, 2012. An entitlement hearing was held on June 26 and 27, 2014. On

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002. See 44 U.S.C. § 3501 (2012). Each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

August 29, 2016, a decision on entitlement was issued, dismissing this case for insufficient proof.

On November 22, 2016, Petitioners filed an application for attorneys' fees and costs. Petitioners requested attorneys' fees in the amount of $70,370.40. *See* Petitioners' Application at 1, filed Nov. 22, 2016. Petitioners requested attorneys' costs in the amount of $27,663.17, and also requested costs personally incurred in the course of this litigation in the amount of $350.00. *Id.* Respondent indicated that "[t]o the extent the special master is treating petitioners' request for attorneys' fees and costs as a motion that requires a response from respondent, respondent . . . is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response at 2, filed Nov. 30, 2016. Respondent requested that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs. *Id.* at 3.

The undersigned has reviewed Petitioners' counsel's detailed records of time and expenses incurred in this case, and they are reasonable. Petitioners' request for costs personally incurred is also reasonable. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioners' are entitled to attorneys' fees and costs. **Accordingly, the undersigned hereby awards the amount of $98,033.57, in the form of a check made payable jointly to Petitioners and Petitioners' counsel, Ronald C. Homer, of Conway, Homer & Chin-Caplan, P.C.; and the amount of $350.00, in the form of a check made payable to Petitioners only**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[2] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).